### GAUSEN ET AL. v. MOORMANN.

ADMINISTRATORS OF ASSIGNEE OF LEASEHOLD NOT PERSONALLY LIABLE FOR RENTS.

The administrator of the assignee of a perpetual leasehold is not personally liable to the owners of the fee for payment of the rents and taxes covenanted in the lease.

ERROR to the Court of Common Please of Hamilton county.

Gausen et al. v. Moorman.

SMITH, J.

The plaintiffs in error are the owners of the fee to the property known as the Germania Hotel, which is under a perpetual lease containing covenants to pay rents and taxes, binding upon the lessee, his heirs, executors, administrators and assigns. This lease was assigned to one Wm. Pape, who carried on the hotel business until his death, when he was succeeded in the business by his widow, as administratrix, and subsequently under authority of the Probate Court by F. J. Moormann, the present defendant, as administrator *de bonus non*, who carried on the hotel business for a period of seven months, during which time rents accrued to the amount of $1,225 and $305 taxes. Suit was brought by the owners of the fee against Moormann as administrator *de bonus non*, and Moormann individually, the election being subsequently made to proceed against Moormann individually.

The question thus presented was as to the individual liability of the administrator of a deceased assignee of a perpetual leasehold containing covenants to pay rents and taxes.

Judge Hollister's holding, was that there was no personal liability on the part of the defendant to the plaintiffs. This, for the reason that the estate, divested by the statute of its chattel qualities, was no longer an asset in the hands of the administrator. The title was in the heir of the deceased, William Pape, subject to the dower rights of his widow, and from the heir the administrator could not take it except for the sole purpose of selling it in the manner prescribed by law to pay the decedent's debts; and he could take the title for this purpose, not as one having any interest in it, but as a convenient instrument or conduit by whom and through whom the title could be passed from the heir to the purchaser. In this view of the matter the liability to the plaintiffs for rent and taxes attaches to the dowress and the heir as assignees of the lease by operation of law; and for rents collected by the defendant from portions of the property not used for hotel purposes, he is liable to the heir and dowress, as their agent, or if such agency is disaffirmed by the minor, then as their tenant.

We think that the finding made in this case by Judge Hollister on the facts and the law was correct, and on the ground stated in his opinion submitted to us the judgment will be affirmed.

*M. F. Galvin* and *E. P. Bradstreet*, for plaintiffs in error.

*Wm. L. Avery* and *F. J. Moormann*, contra.